# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

BATSAIHAN PURVEEGIIN, :
:
    Plaintiff, : CIVIL NO. 3:CV-05-2496
:
v. : (Chief Judge Vanaskie)
:
Warden DURAN, *et al.*, :
:
    Defendants. :

## MEMORANDUM and ORDER

### I. Introduction

Plaintiff, Batsaihan Purveegiin, currently detained by the Bureau of Immigration and Customs Enforcement at the Pike County Correctional Facility in Lords Valley, Pennsylvania, commenced this *pro se* action with a civil rights complaint filed pursuant to the provisions of 42 U.S.C. § 1983. Plaintiff claims that Defendants, apparently officials at the Clinton County Correctional Facility ("CCCF"), have interfered with his mail, denied access to adequate legal materials, and denied adequate medical care. Pending before the Court are Plaintiff's motions for appointment of counsel (Dkt. Entries 4 and 12). For the reasons that follow, the motions will be denied.

### II. Discussion

Although litigants have no constitutional or statutory rights to appointment of counsel in a civil case, Congress has conferred the Court with broad discretionary power to request counsel to undertake represent of an indigent person. *See* 28 U.S.C. § 1915(e)(1); *Montgomery v.*

*Pinchak,* 294 F.3d 492, 498 (3d Cir. 2002) (citing *Tabron v. Grace,* 6 F.3d 147, 153 (3d Cir. 1993)); *see also Parham v. Johnson*, 126 F.3d 454, 456-57 (3d Cir. 1997).  In *Tabron*, the Third Circuit Court of Appeals developed a list of criteria to aid the district courts in weighing the appointment of counsel for indigent civil litigants.  As a threshold matter, a district court must assess whether the claimant's case has some arguable merit in fact and law.  *Tabron,* 6 F.3d at 155.  If a claimant overcomes this threshold hurdle, the Third Circuit identified a number of factors that a court should consider when assessing a claimant's request for counsel.  These include (1) the plaintiff's ability to present his own case, (2) the difficulty of the particular legal issues, (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation, (4) the plaintiff's capacity to retain counsel on his own behalf, (5) the extent to which a case is likely to turn on credibility determinations, and (6) whether the case will require testimony from expert witnesses.  *Id.* at 155-57.  Furthermore, the appointment of counsel for an indigent litigant should be made when circumstances indicate "the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case."  *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984).

  Here, Plaintiff's motions fail to set forth sufficient circumstances to warrant appointment of counsel.  First, Plaintiff is no longer subject to the contested conditions of confinement at the Clinton County Correctional Facility.  Second, no evidence has been presented to suggest that

Plaintiff's claims have arguable merit.  Third, Plaintiff has not demonstrated that he is incapable of presenting comprehensible arguments.  Finally, the legal issues are relatively uncomplicated, investigation does not appear beyond the ability of Plaintiff, expert testimony is not likely to be required, no credibility determinations appear at this stage of the case, and the Court cannot say, at least at this point, that Plaintiff will suffer prejudice if he is forced to prosecute this case on his own.

Therefore, Plaintiff's motions for appointment of counsel will be denied.  In the event, however, that future proceedings demonstrate the need for counsel, the matter may be reconsidered either by the Court, on its own initiative, or upon a properly filed motion by the Plaintiff.

**AND NOW, THEREFORE, THIS 19th DAY OF MAY, 2006, IT IS HEREBY ORDERED THAT** Plaintiff's motions for appointment of counsel (Dkt. Entries 4 and 12) are **DENIED**.

<u>s/ Thomas I. Vanaskie</u>
Thomas I. Vanaskie, Chief Judge
Middle District of Pennsylvania