**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **BATSAIHAN PURVEEGIIN,** | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-05-2496 |
| | : | |
| v. | : | (Judge Vanaskie) |
| | : | |
| Warden **DURAN**, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**M E M O R A N D U M**

I.  **Introduction**

Plaintiff, Batsaihan Purveegiin, a detainee of the Bureau of Immigrations and Customs Enforcement currently confined at the Lackawanna County Prison in Scranton, Pennsylvania, commenced this *pro se* action by filing a civil rights complaint pursuant to the provisions of 42 U.S.C. § 1983.  Plaintiff alleges that while he was previously incarcerated at the Clinton County Correctional Facility ("CCCF") in McElhatten, Pennsylvania, Defendants interfered with his mail, denied access to adequate legal materials, denied adequate medical care, discriminated against him, and subjected him to unacceptable prison conditions.  He seeks compensatory and punitive damages as well as injunctive relief.[1]  Pending before the Court is Plaintiff's Motion

---

[1] Since Plaintiff is no longer held at CCCF, his claim for injunctive relief is now moot. Wahl v. McIver, 773 F.2d 1169, 1173 (11th Cir. 1985) ("Absent class certification, an inmate's claim for injunctive . . . relief in a section 1983 action fails to present a case or controversy once the inmate has been transferred."(citation omitted)); see also Carter v. Thompson, 808 F. Supp. 1548, 1555 (M.D. Fla. 1992).

for Summary Judgment (Dkt. Entry 58).² For the following reasons, Plaintiff's motion will be denied..

## II.     Discussion

### A.     Summary Judgment Standard

Under Federal Rule of Civil Procedure 56(c), summary judgment may be entered only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  The party moving for summary judgment has the burden of proving that there is no genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).  Additionally, on summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party.  Hugh v. Butler County Family YMCA, 418 F.3d 265, 266 (3d Cir. 2005). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

---

² Also pending is Defendants' Motion for Enlargement of Time (Dkt. Entry 61) to File a Brief in Opposition to Plaintiff's motion.  Defendants filed their Brief in Opposition (Dkt. Entry 62) to Plaintiff's motion the day after they filed their enlargement motion.  Because Defendants took the appropriate procedural step to obtain leave of Court to file their Brief beyond the time prescribed by the Local Rules of this Court, and Plaintiff was not prejudiced by the one day delay in filing the Brief, Defendants' enlargement motion will be granted and their Brief in Opposition to Plaintiff's summary judgment motion will be accepted by the Court as timely filed.

Plaintiff has not filed depositions, answers to interrogatories, admissions or affidavits in support of his motion.  Therefore, the Court must review the pleadings to determine if: (1) there are no issues of material fact, and (2) viewing the facts in a light most favorable to Defendants, Plaintiff is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c).  Upon review of the pleadings, the Court concludes that nearly all of the material facts remain in dispute.

As previously noted, Plaintiff's complaint alleges that while he was previously incarcerated at CCCF, Defendants interfered with his mail, denied access to adequate legal materials, denied adequate medical care, and discriminated against him.  Defendants have filed an answer to the complaint in which they repeatedly deny that they engaged in any "act or omission which constituted a deprivation of the plaintiff's statutory or constitutional rights."  (Dkt. Entry 36 at 3.)  Specifically, Defendants allege that "plaintiff has been provided with mail on a reasonable basis," (id. at 5); CCCF "provides[s] adequate legal resources to inmates," (id. at 6); "plaintiff has received reasonable medical care," (id.); "[n]o constitutional discrimination has occurred," (id. at 5); and "[t]he allegations relating to 'unjust inhuman unconstitutional' treatment are completely unfounded."  (Id. at 4.)  Moreover, Defendants aver that they have not undertaken any "liability-producing conduct," (id. at 2-10); Plaintiff "is not entitled to compensatory or punitive damages in any amount," (id. at 6); and "no "federal statutory or constitutional rights of the plaintiff were violated."  (Id. at 8.)  These averments are sufficient to support a conclusion that virtually all of Plaintiff's material allegations are in dispute, thus

3

precluding summary judgment in favor of the Plaintiff.  Accordingly, Plaintiff's motion will be denied.  An appropriate Order follows.

          **s/ Thomas I. Vanaskie**
          Thomas I. Vanaskie
          United States District Judge

Dated: January 29, 2007

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

**BATSAIHAN PURVEEGIIN,**              :
                                        :
    **Plaintiff,**             :   **CIVIL NO. 3:CV-05-2496**
                                        :
**v.**                                  :   **(Judge Vanaskie)**
                                        :
**Warden DURAN, *et al.*,**             :
                                        :
    **Defendants.**            :

## O R D E R

**AND NOW, THIS 29th DAY OF JANUARY, 2007,** in accordance with the foregoing memorandum, **IT IS HEREBY ORDERED THAT:**

1. Defendants' Motion for Extension of Time (Dkt. Entry 61) to Respond to Plaintiff's Motion for Summary Judgment is **GRANTED**, and Defendants' Brief in Opposition (Dkt. Entry 62) to Plaintiff's motion is accepted by the Court as timely filed.

2. Plaintiff's Motion for Summary Judgment (Doc. 58) is **DENIED**.

                                               **s/ Thomas I. Vanaskie**
                                               Thomas I. Vanaskie
                                               United States District Judge